### DWORKEN v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9727. Decided Mar 4, 1929

Herman H Finkle and Peter Catri, both of Cleveland, for Dworken.

J M Kovachy, Cleveland, for State.

SULLIVAN, J.

It is urged by plaintiff in error that, inasmuch as there was no search warrant and the policeman who halted the vehicle and ordered the driver to go to the police station had no knowledge of the contents transported, the arrest, search and seizure were illegal and without probable cause. From an examination of the record, however, we think that under **Section 6212-43 of the General Code** there was authority for the arrest, because that section provides that any officer of the law who shall discover any person in the act of transporting intoxicating liquors in violation of law, in any wagon or automobile, may seize the intoxicating liquors found therein.

While it is held in **Racey, et al vs. Giocelino, 18 CC., N. S., 331** that a police officer is not authorized to make an arrest of a person while peaceably passing along a highway, without a warrant, and on a mere venture without any knowledge or reliable information, even though it was afterwards discovered that concealed weapons were found on the person so arrested, yet we think, from a reading of **Houck vs. State, 106 O.S. 195,** authority for the arrest and conviction in the present case is established, because it is held therein that the search of an automobile by an officer and the seizure of intoxicating liquors then and there being transported in violation of law, even though there is no search warrant, is authorized, and although the officer has no previous knowledge of the violation, yet the conviction may be sustained, if it appears that the officer acted in good faith and upon such information as induced an honest belief that the person in charge of the automobile was violating the law.

In the case at bar, while the police officer did not know of the contraband liquor at the time he halted the vehicle, yet in a short time afterwards it was discovered that intoxicating liquor was being unlawfully transported, and we think this fact in the record makes the case just noted applicable to the case at bar. There is also credible evidence in the record that through another officer the policeman making the arrest had information that the person driving the truck was violating the law with respect to slot machines, and while this was the primary reason for the halting of the truck, it appears that in the investigation of that question the contraband liquor in transportation was discovered, and we think that, under the record, the authorities bear out the legality of the arrest and conviction.

Able counsel for plaintiff in error quotes Gouled vs. United States, 255 U. S. 298, which, in substance, says that an officer cannot lawfully arrest a person without a warrant and search his person, for the mere purpose of discovering whether he is violating the law, and that such an arrest is unauthorized where the facts constituting the offense are incapable of observation, but in the instant case after the halting of the truck the violation of the law was capable of observation and, therefore, we do not think that the question of a short period of time is material and, consequently, it is our judgment that the Gouled case, supra, is not applicable to the record in the instant case.

The case of United States vs. Rembert, 284 Fed. 996 is quoted to show the arrest and seizure illegal, but upon an examination of that case we find that if there is evidence of the officer's senses advising him that the automobile is being used in the commission of a crime, that the arrest and seizure are justifiable.

We do not find any case which we consider sufficient authority in the face of all the holdings, that in the instant case the arrest and seizure of the contraband liquor and the conviction were not justifiable.

Thus holding, the judgment of the lower court is hereby affirmed.

Vickery, PJ and Levine, J, concur.